**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4012**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

CALVIN CANTRELL ESTRICH,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:13-cr-00160-MOC-DSC-1)

Submitted:  November 30, 2015        Decided:  December 9, 2015

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew G. Pruden, TIN, FULTON, WALKER & OWEN, PLLC, Charlotte, North Carolina, for Appellant.  Jill Westmoreland Rose, Acting United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Cantrell Estrich was convicted by a jury of multiple counts of health care fraud and related offenses. The district court sentenced Estrich to a total of 63 months' imprisonment. On appeal, Estrich argues that the Government committed plain error by vouching for the credibility of a cooperating co-conspirator during closing argument. We affirm.

"Vouching occurs when the prosecutor's actions are such that a jury could reasonably believe that the prosecutor was indicating a personal belief in the credibility of the witness." United States v. Lighty, 616 F.3d 321, 359 (4th Cir. 2010). This determination does not hinge on the exact words employed by the prosecutor but on whether those words, in context, constitute "an attempt to replace the evidence with the prosecutor's personal judgments." United States v. Johnson, 587 F.3d 625, 632 (4th Cir. 2009) (internal quotation marks omitted) (holding that prosecutor's use of phrases "I'm convinced" and "I think" in "innocuous, conversational sense" were not vouching).

Estrich concedes that because he did not object to the prosecutor's remarks, his claim is reviewed for plain error. Under this standard, Estrich must show: (1) there was an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Olano, 507 U.S. 725, 732, 735-36 (1993). An error affects a defendant's substantial rights where there is "a

reasonable probability that the error affected the outcome of the trial." United States v. Marcus, 560 U.S. 258, 262 (2010). We will exercise our discretion and reverse a conviction based on a plain error only where the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 265 (brackets and internal quotation marks omitted).

The Government made the following remarks during its rebuttal argument:

> Now, the question was also raised, without [the cooperating co-conspirator] what does the government have? And I mentioned that when I spoke to you before. And what do we have without [her]? Well, [she] came forward and she provided truthful information. And you know that it's truthful information because without [her], we have Calvin Estrich.

The Government then discussed the evidence against Estrich other than this witness's testimony. Although Estrich did not object to the Government's argument, the district court sua sponte determined that the Government's statement that the co-conspirator was truthful was vouching, and issued a curative instruction.

We conclude that the court's curative instruction was sufficient to remedy any error in the Government's argument. In context, the prosecutor's statement that the co-conspirator was truthful unambiguously relied on the evidence rather than on the

3

prosecutor's personal belief.  The district court's instruction clearly informed the jury that any inference that the prosecutor personally believed the co-conspirator to be truthful would be improper and that they should assess the credibility of witnesses based on the evidence.  See United States v. Chong Lam, 677 F.3d 190, 204 (4th Cir. 2012) ("[J]uries are presumed to follow their instructions." (internal quotation marks omitted)).  Because the record shows that any error in the Government's argument did not affect the outcome of the trial, we find that Estrich has failed to show that the asserted error affected his substantial rights.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4